**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DARLENE LOUDY, *o/b/o* C.L.L., | ) | CASE NO. 5:21-CV-524 |
| Plaintiff, | ) ) | JUDGE DAVID A. RUIZ |
| v. | ) ) ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) ) | |

# I. Introduction

This matter is before the Court on the Report and Recommendation of Magistrate Judge Amanda M. Knapp (R&R). (R. 20). Plaintiff Darlene Loudy, acting on behalf of C.L.L., her minor grandchild, filed a Complaint (R. 1) challenging the final decision of the Commissioner of Social Security denying her application for Supplemental Security Income (SSI). Magistrate Judge Knapp's R&R, issued on June 29, 2022, recommends the Court AFFIRM the Commissioner's decision. (R. 20).

"Within 14 days of being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P 72(b)(2); *see also* 28 U.S.C.§ 636(b)(1); Local Rule 72.3(b). Plaintiff has filed a timely objection to the R&R (R. 21), to which the Commissioner has replied (R. 22).

For the following reasons, the Court overrules the Plaintiff's objections, ADOPTS the R&R and thereby AFFIRMS the underlying decision of the Commissioner.

## II. Standard of Review

The applicable standard of review of a magistrate judge's report and recommendation provides that when objections are made to such a report and recommendation, the district court conducts a *de novo* review. Federal Rule of Civil Procedure 72(b)(3) states:

> *Resolving Objections*. The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

## III. Plaintiff's Objections to the R&R

The Plaintiff contends first that the R&R erred by not finding that the ALJ was acting without authority, due to the alleged unconstitutional appointment of then-Commissioner of Social Security Andrew Saul. (R. 21, at 1-2).[1]

The Plaintiff next maintains that contrary to the R&R, the ALJ erred by finding that C.L.L. had less than a marked limitation in the functional domain of acquiring and using information. (*Id*., at 3). Specifically, Plaintiff asserts that in so finding, both the ALJ and R&R erred by relying upon record evidence such as "the consultative examination in August 2018 and the report by the teacher dated November 2018" when the record contains other evidence, which the ALJ acknowledged in the opinion, that C.L.L. was reading at a first-grade level despite being in fourth grade and receiving special education services. (*Id*., at 3-4) (citations omitted).

## IV. Analysis

Regarding the argument that then-Commissioner of Social Security Andrew Saul was unconstitutionally appointed and so could not properly delegate authority to the ALJ in this case,

---

[1] Document citations herein are to the document page number, not the ECF page number.

2

this assertion was comprehensively analyzed and rejected in *Butcher v. Commissioner*, 2021 WL 6033683 (S.D. Ohio Dec. 21, 2021) *report and recommendation adopted by* 2022 WL 523519 (S.D. Ohio Feb. 223, 2022). The reasoning and conclusion of *Butcher* is adopted here by reference, and Plaintiff's first objection is overruled.

Next, the underlying R&R is a through and comprehensive forty-eight page decision that specifically cited ample support for the ALJ's finding regarding the domain of acquiring and using information. For example, the State Agency reviewers also found less than marked limitation in this domain. (R. 20, at 12-13, citing record). It further noted that a consultative examination found C.L.L.'s abilities in this domain "variably intact," with any difficulty arising from "articulation problems," not reading level issues. (*Id*. at 14). Further, the ALJ cited to a report from C.L.L.'s teacher reporting no problem in this domain. (*Id*., at 16). Finally, the R&R extensively quoted from an analysis in the ALJ's decision, extending over two lengthy paragraphs, that reviewed C.L.L.'s individual educational plans and testing results during the years 2018, 2019 and 2020. (*Id*., at 35).

The Court agrees with the R&R's summation that "[t]hese findings clearly reflect that the ALJ both understood and acknowledged that C.L.L. was receiving special education services, and that the testing associated with those services indicated that he was operating below grade-level in several measures." (*Id*.). The R&R then concluded that a less than marked limitation was supported by: (1) the test scores and educational data in the record; (2) the opinion of the consultative examiner; (3) the teacher report; and (4) the opinions from the state agency reviewers. (*Id.*, at 36-37).

Although Plaintiff contends that the ALJ and R&R erred when acknowledging C.L.L.'s one-time MAP (measure of academic progress) score in May 2018 of 157– first grade level– but finding that C.L.L. had less than marked limitations in the relevant domain, a detailed reading of

3

the underlying decisions demonstrates they are supported by substantial evidence. In addition to the MAP score relied upon by Plaintiff, the ALJ cited and reviewed additional evidence showing improvement to a 175 score in December 2018, and further improvement to 181 in November 2019. (*Id*.). Moreover, it is equally clear that the conclusion of less than marked limitation is supported by substantial evidence from the multiple evidentiary sources (highlighted *supra*) also analyzed and detailed by the ALJ and set forth in the R&R.

It is well-established that as long as the ALJ cites substantial, legitimate evidence to support the conclusion reached, the reviewing court may not second-guess that decision. *Ulman v. Commissioner of Social Security*, 693 F.3d 709, 713-14 (6th Cir. 2012). Further, the findings of the state agency reviewers themselves may provide substantial evidence to support the ALJ's finding in Step Three. *Adkins v. Commissioner of Social Security,* 2019 WL 1040943, at *12 (N.D. Ohio March 5, 2019) (collecting cases).

Accordingly, for the reasons stated, the Plaintiff's objections are overruled.

### V. Conclusion

The Court has carefully reviewed the Report and Recommendation in light of the above-referenced standard of review and Defendant's Objections, and having overruled those Objections, now ADOPTS the Magistrate Judge's Report and Recommendation (R. 20). The Commissioner's underlying decision is hereby AFFIRMED.

IT IS SO ORDERED.

s/*David A. Ruiz*
David A. Ruiz
United States District Judge

Date: September 29, 2022